UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID SHELBY,

           Petitioner,           Civil No. 1:09-CV-12800
                                                  Honorable Thomas L. Ludington

v.

C. ZYCH,

           Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner David Shelby, a prisoner at the Federal Correctional Institution in Milan, Michigan, was convicted in the United States District Court for the Southern District of Illinois of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1); possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)(1); and carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) and (2). *See U.S. v. Shelby*, 234 F.3d 1275 (table) (7th Cir. 2000). On March 27, 2000, he was sentenced to 140 months imprisonment for the cocaine conviction to be served concurrently with 120 months imprisonment for the felon in possession of a firearm conviction. He was also sentenced to 60 months, to run consecutively with the other sentences, for carrying a firearm during a drug trafficking crime. *See id.*

On October 18, 2001, Petitioner filed a motion under 28 U.S.C. § 2255 to "vacate, set aside, or correct [his] sentence." The United States District Court for the Southern District of Illinois denied the motion. *Shelby v. U.S.*, No. 4:01-cv-04268-GPM (S.D. Ill. Dec. 12, 2003). The district court also denied Petitioner's motion for a certificate of appealability. *Id.* Petitioner then filed a request for a certificate of appealability in the Seventh Circuit Court of Appeals. The Court of

Appeals denied that request.  *Shelby v. U.S.*, No. 04-3889 (7th Cir. May 17, 2005).

Now before the Court is Petitioner's pro se § 2241 petition, which raises the following claims:

I. Petitioner asserts that he was wrongly convicted of carrying a gun during a drug trafficking crime under Title 18 U.S.C. § 924(c)(1)(A) and of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g);

II. He asserts his constitutional right to equal protection was violated because of "selective prosecution" by the United States;

III. And he asserts that the petition should be vacated because it was the result of a "fraud upon the court," pursuant to *Hazel-Atlas Glass Co. v. Hartford Emp.*, 322 U.S. 238 (1944).

For the reasons stated below, the petition will be **DENIED**.

Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, provides that the court shall promptly examine a petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ."  If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face . . . .").  The Rules Governing Section 2254 Cases may be applied at the discretion of the district court judge to petitions not filed under § 2254.  28 U.S.C. foll. § 2254, R. 1(b).  After undertaking a Rule 4 review of the petition in this case, the Court concludes that the claims asserted by Petitioner do not warrant habeas relief.

"[C]laims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255 . . . and . . . claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the

court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." *Charles v. Chandler*, 180 F.3d 755, 756–57 (6th Cir. 1999). Here, each of Petitioner's three claims challenge his conviction, and therefore generally must be filed pursuant to 28 U.S.C. § 2255. Only in the limited circumstances provided by § 2255's "savings clause" may a prisoner challenge his conviction under § 2241. The savings clause provides:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis supplied).

The circumstances under which § 2255 might be deemed "inadequate or ineffective" are narrow, as the "liberal allowance" of the writ under § 2241 would defeat the restrictions placed on successive petitions or motions for collateral relief imposed by 28 U.S.C. § 2244. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). "A remedy under § 2255 is not considered inadequate or ineffective simply because § 2255 relief has been denied . . . or because the petitioner is procedurally barred from pursuing relief under § 2255 . . . or because the petitioner has been denied permission to file a second or successive motion to vacate . . . ." *Charles*, 180 F.3d at 756. "The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255." *Id.* at 758 (citations omitted). In order for Petitioner to prevail on his § 2241 claim, he must show that (1) his ability to make such a claim under § 2255 is barred by the terms of that statute and (2) a subsequent change in law has rendered him actually innocent of the crime with which he was convicted. *Peterman*, 249 F.3d at 461–62.

Here, Petitioner has already brought and lost a § 2255 claim, and is barred by the statute from

bringing a second successive claim without the certification of the court of appeals. 28 U.S.C. § 2255(h). There is no indication on the record that any circuit court of appeals has provided such a certification in Petitioner's case, nor is a court likely to certify his case because he has not offered any new evidence or new rule of constitutional law, as the statute requires. *Id.* In the Sixth Circuit, the Court of Appeals has instructed federal trial courts to transfer second or successive § 2255 motions filed in district court without prior authorization to the Court of Appeals. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Where a petition is filed pursuant to § 2241, however, the Sixth Circuit has instructed courts to rule on the petition. *See Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 516 (6th Cir. 2001); *In re Walker*, No. 00-5262, 2000 WL 1517155 (6th Cir. Aug. 4, 2000).

Because Petitioner is barred from bringing a second § 2255 claim without the permission of the court of appeals, this court may grant relief under § 2241 if there is a claim of "actual innocence." *Peterman*, 249 F.3d at 461–462. Most "actual innocence" cases have arisen from convictions resulting under 18 U.S.C. § 924(c)(1) for "using" a firearm during a drug trafficking crime. *Id.* Although Petitioner was convicted under § 924, he was convicted for "carrying" a firearm, not "using" a firearm. *See U.S. v. Shelby*, 234 F.3d 1275 (table) (7th Cir. 2000). Further, a police officer testified at trial that he saw Petitioner place the firearm in question between the seats of the car Petitioner was riding in just before he was arrested. *Id.* That testimony does not fit with the limited factual scenario in which the Supreme Court recently held § 924 does not apply. In *Watson v. United States*, 552 U.S. 74, 128 S. Ct. 579 (2007), the court held that when a person "receives" a firearm as payment for drugs he is not "using" the firearm in a drug trafficking crime under § 924. *Id.* at 586. The way the law has changed in the time since Petitioner completed his § 2255 appeal does not effect the validity of his conviction.

The Court concludes that it plainly appears that Petitioner is not entitled to habeas corpus relief pursuant to 28 U.S.C. § 2241. Accordingly, it is **ORDERED** that the petition for writ of habeas corpus is **DENIED**.

s/Thomas L. Ludington<br>
THOMAS L. LUDINGTON<br>
United States District Judge

Dated: August 21, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 21, 2009.

s/Tracy A. Jacobs<br>
TRACY A. JACOBS

---