UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID SHELBY,

        Petitioner,                    Civil No. 1:09-CV-12800
                                                    Honorable Thomas L. Ludington

v.

C. ZYCH,

        Respondent.
_____/

## **OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION**

Petitioner David Shelby was convicted in the United States District Court for the Southern District of Illinois of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1); possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)(1); and carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) and (2). *See U.S. v. Shelby*, 234 F.3d 1275 (table) (7th Cir. 2000). On March 27, 2000, he was sentenced to 140 months imprisonment for the cocaine conviction to be served concurrently with 120 months imprisonment for the felon in possession of a firearm conviction. He was also sentenced to 60 months, to run consecutively with the other sentences, for carrying a firearm during a drug trafficking crime. *See id.*

On October 18, 2001, Petitioner filed a motion under 28 U.S.C. § 2255 to "vacate, set aside, or correct [his] sentence." The United States District Court for the Southern District of Illinois denied the motion. *Shelby v. U.S.*, No. 4:01-cv-04268-GPM (S.D. Ill. Dec. 12, 2003). The district court also denied Petitioner's motion for a certificate of appealability. *Id.* Petitioner then filed a request for a certificate of appealability in the Seventh Circuit Court of Appeals. The Court of Appeals denied that request. *Shelby v. U.S.*, No. 04-3889 (7th Cir. May 17, 2005). On July 16, 2009

Petitioner filed an application with this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court denied the application on August 21, 2009, because relief is only available for a prisoner challenging the fact of his conviction pursuant to § 2241 if Petitioner is "actually innocent" due to a subsequent change in law. *Shelby v. Zych*, No. 09-cv-12800, 2009 WL 2602264, at *2 (E.D. Mich. Aug. 21, 2009) (citing *United States v. Peterman*, 249 F.3d 458, 461–62 (6th Cir. 2001)); [Dkt. # 3]. Now before the Court is Petitioner's objection to the August 21 order and motion for reconsideration [Dkt. # 5].

Petitioner first objects that the Court mischaracterized the testimony of a police officer at his trial. The Court's opinion stated that "a police officer testified at trial that he saw Petitioner place the firearm in question between the seats of the car Petitioner was riding in just before he was arrested." *Shelby*, 2009 WL 2602264, at *3; [Dkt. # 3]. In fact, the police officer actually testified that he saw Petitioner place an "object" between the seats, but he could not tell at the time what the "object" was. Later, police found a gun between the seats. Although Petitioner appears correct that the quoted statement was in error, the mistake does not change the Court's conclusion that the "testimony does not fit with the limited factual scenario" outlined in *Watson v. United States*, 552 U.S. 74 (2007). *Shelby*, 2009 WL 2602264, at *3; [Dkt. # 3]. In *Watson* the Supreme Court held that a person does not "use" a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c) when that person receives a firearm in exchange for drugs. Petitioner's conviction for violation of § 924(c) rests on his possession of a firearm while engaged in drug trafficking, not receiving a firearm in exchange for drugs, consequently, *Watson* is not a "subsequent change in law" that renders him "actually innocent" of violating of § 924(c).

Petitioner next objects that the Court did not consider his equal protection claim. Again, the

Court is not obligated to consider the merits of a claim challenging the fact of Petitioner's conviction brought pursuant to § 2241 unless a subsequent change in law has rendered him actually innocent. *Peterman*, 249 F.3d at 461–62. Petitioner has not alleged the law has changed between the time he filed his 18 U.S.C. § 2255 petition, and lost, in 2003, and the time he filed his § 2241 claim in 2009. Indeed, all of the equal protection cases cited in his motion for reconsideration were decided in the 1990s.

Petitioner's final objection claims that *United States v. Easter*, 553 F.3d 519 (7th Cir. 2009), is a subsequent change in law that renders him actually innocent. Specifically, that under *Easter* the sentencing court erred in applying a mandatory minimum sentence of five years for possession of a firearm in furtherance of a drug trafficking crime pursuant to § 924(c)(1)(A)(i), and a consecutive mandatory minimum sentence of fifteen years under § 924(e)(1) for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). In *Easter*, the U.S. Court of Appeals for the Seventh Circuit held that "a defendant convicted under § 924(c)(1) shall be sentenced to a term of imprisonment set forth in § 924(c)(1)(A) unless subsections (c)(1)(B) or (c)(1)(C), or another penalty provision elsewhere in the United States Code, requires a higher minimum sentence for *that* § 924(c)(1) offense." *Id.* at 526. A separate mandatory minimum sentence for violation of a *different* code provision, such as § 922(g), is not prohibited by *Easter*. Moreover, even though *Easter* is new law in the Seventh Circuit, the same rule has been followed in this circuit since at least 2001 when the Sixth Circuit Court of Appeals decided *United States v. Jolivette*, 257 F.3d 581, 587 (6th Cir. 2001).

No matter how liberally the Court construes the petition [Dkt. # 1 &2] and later motion for reconsideration [Dkt. # 5], they do not state a valid claim for relief pursuant to § 2241.

Consequently, the motion for reconsideration must be denied.

Accordingly, it is **ORDERED** that Petitioner's motion for reconsideration [Dkt. # 5] is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: November 19, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 19, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS